KENNARD, J., Concurring and Dissenting.
California statutory law prohibits employers from discriminating against workers over the age of 40. In this case, an employee sued his employer after it eliminated his job in the wake of a corporate reorganization and then passed him over in favor of younger workers when other positions became available. At the time of his discharge, the employee had worked for his employer 22 years, and he was 49 years old.
The employee’s various causes of action included one for age discrimination, on which the trial court granted summary judgment for the employer. The Court of Appeal disagreed. Unlike the majority here, I would affirm the judgment of the Court of Appeal. I agree, however, with the majority’s resolution of the employee’s other causes of action.
I
This matter comes to us after the trial court granted defendant employer’s motion for summary judgment. Under California law, a moving party is entitled to summary judgment only when no “triable issue of material fact” remains for trial. (Code Civ. Proc., § 437c, subd. (o)(l) & (2).) In reviewing an order granting or denying summary judgment, “we examine the facts presented to the trial court and determine their effect as a matter of law.” (Parsons v. Crown Disposal Co. (1997) 15 Cal.4th 456, 464 [63 Cal.Rptr.2d 291, 936 P.2d 70].)
*379 In 1993, plaintiff John Guz worked for Bechtel National, Inc. (BNI), a wholly owned subsidiary of Bechtel Corporation (Bechtel). Guz was one of six employees in BNI’s management information unit (BNI-MI); he was a financial reports manager, making $71,280 a year. That year, during a phase of corporate reorganization, Bechtel eliminated BNI-MI and transferred its functions to Bechtel’s San Francisco Regional Office Management Information Group (SFRO-MI). Reassigned to SFRO-MI as part of this transfer were BNI-MI’s two youngest members, both of whom held lower grade positions and earned lower salaries than Guz. Shortly thereafter, SFRO-MI created three new positions, two of which it filled with workers younger than Guz. The younger workers were between seven and 15 years younger than Guz. Even though Guz was willing to take a grade cut and pay cut, Bechtel did not consider him for the new SFRO-MI positions, and it discharged him.
Guz’s lawsuit against Bechtel alleged various causes of action, including one for age discrimination in violation of California’s Fair Employment and Housing Act (FEHA). (Gov. Code, § 12941, subd. (a).)[1] Bechtel moved for summary judgment, asserting, as relevant here, these reasons for the termination: (1) It eliminated BNI-MI, where Guz was employed, because of a “downturn in workload” and to consolidate costs; (2) Guz’s tasks were then assumed by existing workers at SFRO-MI; and (3) the younger employees chosen to fill the SFRO-MI positions were better qualified for those particular positions than Guz.
Guz disputed these reasons as “pretextual.” He presented evidence that (1) he was qualified for each of the positions filled at SFRO-MI; (2) in eliminating BNI-MI and terminating him, Bechtel failed to comply with its internal Reduction-in-Force Guidelines (which required that all affected employees be ranked by job skills and functions), thereby depriving him of a fair, objective, and consistent evaluation in comparison with others; and (3) Bechtel’s asserted reasons for eliminating BNI-MI—cost savings and a reduction in workload—were demonstrably false because SFRO-MI had to add a total of five positions to cover the work transferred from the sixmehiber BNI-MI unit.
Ruling that Guz had failed to show that Bechtel’s proffered reasons were a pretext for age discrimination, the trial court granted summary judgment. The Court of Appeal reversed, concluding that material issues of fact on Guz’s FEHA claim were in dispute and needed to be resolved by a full trial.
II
As relevant here, the FEHA prohibits an employer from discharging “any individual over age 40 on the ground of age.” (§ 12941, subd. (a), italics *380 added.) “[T]he practice of age discrimination, like other forms of invidious discrimination, ‘foments domestic strife and unrest’ in the workplace (Gov. Code, § 12920), making for a more stressful and ultimately less productive work environment.” (Stevenson v. Superior Court (1997) 16 Cal.4th 880, 895 [66 Cal.Rptr.2d 888, 941 P.2d 1157].) Thus, the FEHA’s express policy condemning discrimination against older workers benefits the public at large. (Ibid.)
Here, plaintiff’s case is based on a theory of “disparate treatment,” meaning that because of his age (49 years at the time of discharge), Bechtel treated him less favorably than it did younger workers. (See Martin v. Lockheed Missiles & Space Co. (1994) 29 Cal.App.4th 1718, 1730 [35 Cal.Rptr.2d 181]; Rose v. Wells Fargo & Co. (9th Cir. 1990) 902 F.2d 1417, 1421.) “The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination.” (Reeves v. Sanderson (2000) 530 U.S. 133, 153 [120 S.Ct. 2097, 2111, 147 L.Ed. 105] (Reeves).)
In disparate treatment cases, California courts apply the test that the United States Supreme Court articulated in McDonnell Douglas Corp. v. Green (1973) 411 U.S. 792, 802-803 [93 S.Ct. 1817, 1824-1825, 36 L.Ed.2d 668] (McDonnell Douglas) to assess such cases when brought under federal law. (Martin v. Lockheed Missiles & Space Co., supra, 29 Cal.App.4th at p. 1730.) This test governs the allocation of the burden of production and the order for the presentation of proof at the trial of a discrimination case. (Reeves, supra, 530 U.S. at pp. 142-143 [120 S.Ct. at p. 2106]; St. Mary’s Honor Center v. Hicks (1993) 509 U.S. 502, 506 [113 S.Ct. 2742, 2746-2747, 125 L.Ed.2d 407] (Hicks).)
Under the McDonnell Douglas test, a plaintiff employee claiming discrimination has the initial burden to establish “by a preponderance of the evidence, a ‘prima facie’ case of . . . discrimination.” (Hicks, supra, 509 U.S. at p. 506 [113 S.Ct. at p. 2747]; Texas Dept, of Community Affairs v. Burdine (1981) 450 U.S. 248, 252-253 [101 S.Ct. 1089, 1093-1094, 67 L.Ed.2d 207] (Burdine).) When, as here, the alleged age discrimination resulting in the employee’s discharge occurs during an employer’s restructuring of its work force, the employee can make a prima facie case based on evidence that the employee (1) was age 40 or older; (2) satisfied the employer’s legitimate expectations of job performance; and (3) the employer treated younger workers more favorably (for instance, by offering them replacement positions denied to the discharged employee). (See Collier v. Budd Co. (7th Cir. 1995) 66 F.3d 886, 889-890; Greene v. Safeway Stores, Inc. (10th Cir. 1996) 98 F.3d 554, 560; see also Jameson v. Arrow Co. (11th *381 Cir. 1996) 75 F.3d 1528, 1533.) With respect to the third factor (more favorable treatment of younger workers), a number of federal appellate courts have pointed out that a discharged employee’s failure to prove replacement by a younger worker does not necessarily defeat a claim of age discrimination if the termination is the result of a general reduction in work force. (Rose v. Wells Fargo & Co., supra, 902 F.2d at p. 1421; Armbruster v. Unisys Corp. (3d Cir. 1994) 32 F.3d 768, 777; Freeman v. Package Machinery Co. (1st Cir. 1988) 865 F.2d 1331, 1335, fn. 2. [replacement by a younger person not an element of prima facie age discrimination case].)
Once the discharged employee has established a prima facie case of discrimination, there is a presumption of unlawful discrimination by the employer. (Hicks, supra, 509 U.S. 502, 506 [113 S.Ct. 2742, 2746-2747]; Burdine, supra, 450 U.S. at p. 254 [101 S.Ct. at p. 1094].) As the high court has explained: “A prima facie case under McDonnell Douglas raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors. [Citation.] And we are willing to presume this largely because we know from our experience that more often than not people do not act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. Thus, when all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer’s actions, it is more likely -than not the employer, whom we generally assume acts with some reason, based his decision on an impermissible consideration such as race [or age].” (Furnco Construction Corp. v. Waters (1978) 438 U.S. 567, 577 [98 S.Ct. 2943, 2949-2950, 57 L.Ed.2d 957], italics omitted.)
If the trier of fact finds the discharged employee’s prima facie case persuasive, and the employer remains silent in the face of the just-described presumption of unlawful discrimination, the trial court “must enter judgment for the plaintiff because no issue of fact remains in the case.” (Burdine, supra, 450 U.S. at p. 254 [101 S.Ct. at p. 1094].) The employer is, of course, free to rebut the presumption by presenting evidence of a legitimate, nondiscriminatory reason for the termination. (Hicks, supra, 509 U.S. at p. 507 [113 S.Ct. at p. 2747].)
An employer’s desire to reduce expenses by eliminating some employee positions is not itself a legitimate, nondiscriminatory reason for the discharge of older workers. Chief Judge Richard Posner of the federal Court of Appeals for the Seventh Circuit explained this in a case alleging disability discrimination during corporate downsizing. “Even if the employer has a compelling reason wholly unrelated to the disabilities of any of its employees to reduce the size of its work force, this does not entitle it to use the *382 occasion as a convenient opportunity to get rid of its disabled workers. [Citations.] This point is most easily seen by thinking of a [reduction in work force] as a kind of hiring: the employer has decided to reduce its work force from, say, 100 to 80 employees; this means it has 80 slots to fill and in filling them must choose among 100 ‘applicants.’ The law forbids the employer to disqualify the disabled applicants on the basis of their disability.” (.Matthews v. Commonwealth Edison Co. (7th Cir. 1997) 128 F.3d 1194, 1195.) This reasoning applies with equal force to a case alleging age discrimination.
Nor is it sufficient for the employer to show that the discharged older workers earned higher salaries than the younger workers who were retained. Although a Court of Appeal reached a contrary conclusion in Marks v. Loral Corp. (1997) 57 Cal.App.4th 30 [68 Cal.Rptr.2d 1], and this court denied review (Justice Mosk and I voting to grant), the Legislature has since expressly abrogated that decision by declaring “that the use of salary as the basis for differentiating between employees when terminating employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers as a group, and . . . that the disparate impact theory of proof may be used in claims of age discrimination.” (§ 12941.1, enacted by Stats. 1999, ch. 222, § 2.)[2]
When, under the McDonnell Douglas burden-allocation rules, the employer responding to a discharged employee’s prima facie case of age discrimination offers legitimate, nondiscriminatory reasons for the discharge, what countervailing evidence must the employee present to sustain a judgment after trial? This was the question before the United States Supreme Court in Reeves, supra, 530 U.S. 133 [120 S.Ct. 2097]. There, the 57-year-old plaintiff had worked for a plumbing manufacturer for 40 years when he was fired. The employees who later filled the plaintiff’s former position were all in their 30’s. At trial, the employer disputed that age was the motivating factor for the discharge, asserting that it terminated the plaintiff *383 because he had not kept accurate records of employee attendance. The jury awarded damages to the plaintiff, but the federal Court of Appeals reversed for insufficiency of evidence. The United States Supreme Court disagreed. Describing the issue as “the kind and amount of evidence necessary to sustain a jury’s verdict that an employer unlawfully discriminated on the basis of age” (Reeves, supra, 530 U.S. at p. 137 [120 S.Ct. at p. 2103]), the high court held that the circuit court had “misconceived the evidentiary burden borne by plaintiffs who attempt to prove intentional discrimination through indirect evidence” {id. at p. 146 [120 S.Ct. at p. 2108]). That burden could be satisfied by evidence of the “plaintiff’s prima facie case, combined with sufficient evidence to find that the employer’s asserted justification is false.” {Id. at p. 148 [120 S.Ct. at p. 2109].) From such evidence, a trier of fact could reasonably conclude “that the employer unlawfully discriminated.” {Ibid.)
Ill
Consideration of the evidence here in light of the legal framework discussed, ante, leads to these conclusions:
Guz’s evidence presented in opposition to Bechtel’s summary judgment motion was sufficient to establish a prima facie case of age discrimination under the McDonnell Douglas test: (1) He was over 40 years of age when terminated; (2) his job performance exceeded Bechtel’s legitimate expectations (he was promoted six times, and was given 17 merit raises, and he received a Silver Performance Plus Award for saving the company $1.7 million; his 1991-1992 performance review described him as a “strong performer in his group”; and in his 22 years at Bechtel, he was never told his skills were deficient); and (3) Bechtel treated younger workers more favorably than older workers by transferring, from the disbanded BNI-MI unit (where Guz was employed) to SFRO-MI and selecting for two of the three new SFRO-MI positions, workers between seven and 15 years younger than Guz; and by retaining the two youngest of the six workers at BNI-MI, while terminating the two oldest. This evidence, if presented at trial and accepted by the fact finder would have given rise to a presumption of age discrimination that, if unrebutted by Bechtel, would require entry of judgment for plaintiff. {Hicks, supra, 509 U.S. at p. 507 [113 S.Ct. at p. 2747].)[3]
Bechtel did, however, present rebutting evidence in support of its motion for summary judgment. According to Bechtel, a “downturn in workload” and *384 a desire to save costs prompted its elimination of the BNI-MI unit, where Guz had worked. And it chose the younger workers for the SFRO-MI positions because they were the most qualified for those positions.
Notwithstanding Bechtel’s rebuttal evidence, Guz could still prevail at trial under the high court’s decision in Reeves by presenting evidence of a prima facie case of age discrimination plus sufficient additional evidence from which a reasonable fact finder could reject “the employer’s asserted justification [as] false.” (Reeves, supra, 530 U.S. at p. 148 [120 S.Ct. at p. 2109].) As Justice Ginsburg’s concurrence in Reeves explained, “two categories” of evidence are needed' to support a jury’s verdict in a disparate treatment case based on circumstantial evidence of unlawful discrimination: “[F]irst, evidence establishing a ‘prima facie case,’ . . . ; and second, evidence from which a rational factfinder could conclude that the employer’s proffered explanation for its actions was false.” (Id. at p. 154 [120 S.Ct. at p. 2112] (cone. opn. of Ginsburg, J.).) Here, in opposing Bechtel’s motion for summary judgment, Guz presented evidence in both categories. As discussed earlier, he offered evidence comprising a prima facie case of age discrimination. In addition to the evidence of the prima facie case, he presented this evidence: (1) He was qualified for the SFRO-MI positions filled by other workers; (2) Bechtel never considered him for any of the new positions at SFRO-MI; (3) Bechtel did not comply with its own downsizing policy of ranking employees based on skills and functions; and (4) Bechtel’s stated reasons for eliminating BNI-MI—cost reduction and downturn in workload—were demonstrably false, as noted on page 379, ante. From this additional evidence, a trier of fact could reasonably reject as false Bechtel’s asserted business justifications for Guz’s discharge. As Justice Ginsburg’s concurrence in Reeves noted, “evidence suggesting that a defendant accused of illegal discrimination has chosen to give a false explanation for its actions gives rise to a rational inference that the defendant could be masking its actual, illegal motivation.” (Ibid.) Thus, under the high court’s standard in Reeves, Guz’s evidence here would be sufficient for an appellate court to sustain “a jury’s verdict that an employer unlawfully discriminated on the basis of age.” (Id. at p. 137 [120 S.Ct. at p. 2103].)
Here, however, we are concerned not with the sufficiency of evidence to sustain a jury verdict of age discrimination, but only with whether Guz’s evidence raises “a triable issue of material fact” to be resolved at trial. (Code Civ. Proc., § 437c, subd. (o)(2).) Because, as I have explained, Guz’s evidence was sufficient under Reeves not only for a jury to reject Bechtel’s proffered reasons for the discharge but also for an appellate court to uphold an age discrimination verdict, that evidence squarely presented “[t]he ultimate question” in any disparate treatment case, namely, “whether the plaintiff was the victim of intentional discrimination.” (Reeves, supra, 530 U.S. at *385 p. 153 [120 S.Ct. at p. 2111].) That issue was in this case a material issue of fact in dispute. Therefore, the trial court erred when, in granting summary judgment for Bechtel, it precluded Guz from having the merits of this material issue of fact resolved at a trial.
The majority does not at all acknowledge that Guz’s evidence was sufficient to establish a prima facie case of age discrimination.[4] Instead, it looks to a statement by the high court in Reeves that an employer is entitled to judgment as a matter of law when “ ‘no rational fact finder could conclude that the action was discriminatory.’ ” (Maj. opn., ante, at p. 362, italics omitted.) According to the majority, that is the case here. I disagree.
In Reeves, the high court explained that notwithstanding evidence comprising a prima facie case of discrimination and sufficient additional evidence for a jury to reject an employer’s proffered explanation, the employer would be entitled to a judgment as a matter of law if, for instance, “the record conclusively revealed some other, nondiscriminatory reason for the employer’s decision, or if the plaintiff created only a weak issue of fact as to whether the employer’s reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.” (Reeves, supra, 530 U.S. at p. 148 [120 S.Ct. at p. 2109], italics added.) But here the record does not conclusively reveal Bechtel’s true reason for Guz’s discharge, and there is insufficient independent evidence that the reason was other than his age. Therefore, contrary to the majority’s assertion, this case falls outside the Reeves exception.
Conclusion
In a recent decision, I explained the reason for FEHA’s prohibition against age discrimination in employment: “Aging is a highly complex and variable process. Chronological age alone is not a reliable measure of any individual’s vitality or ability, and many individuals remain robust and productive well past the normal retirement age. Nevertheless, some employers have discriminated against highly qualified older workers solely because of their age, either by not hiring them or by replacing them with younger persons.” (Stevenson v. Superior Court, supra, 16 Cal.4th at p. 909.)
*386 Seeking ever greater efficiency to meet the demands of open market competition, many corporations engage in frequent internal reorganization. As some departments or working groups are reduced or eliminated and others are expanded or created, many employees’ jobs are placed at risk in a corporate equivalent of the old game of musical chairs. Because the corporate employer controls the seating assignments, corporate officers who wish to eliminate older workers may use the complexities of the restructuring process to conceal their illegal discriminatory intent. Here, Guz has alleged that he was the victim of exactly this sort of age discrimination by his employer, Bechtel, contrary to the public policy and the law of this state.
Guz’s lawsuit against Bechtel is now at the summary judgment stage, where the question to be decided is whether the evidence submitted by Guz and Bechtel shows there is an issue of material fact in dispute that needs to be resolved by a full trial in open court. Unlike the majority, I conclude that the evidence does show a triable issue of fact, and that plaintiff deserves a trial on the merits to determine whether he lost his job for legitimate business reasons or because of illegal age discrimination. Because the majority denies plaintiff the opportunity to prove his case at trial, I dissent.

Further undesignated statutory references are to the Government Code.

I do not agree with Justice Chin’s concurring opinion that Marks v. Loral Corp., supra, 57 Cal.App.4th 30, is “utterly irrelevant” to the issues here. (Cone. opn. of Chin, J., ante, at p. 372, fn. 1.) The younger workers that Bechtel chose to retain earned lower salaries than Guz, and the Legislature’s recent clarification of the law on this point serves to explain why Bechtel has not and could not lawfully rely on the resulting salary savings to justify its decision, as other employers in the past have done.
Justice Chin’s concurring opinion also complains that this opinion’s discussion of the illegality of age discrimination “is irrelevant to the majority’s holding” because “[t]he majority does not suggest that age discrimination is lawful.” (Cone. opn. of Chin, J., ante, at p. 372, fn. 1.) Surely the illegality of age discrimination cannot be entirely irrelevant in an age discrimination case. The nature and purpose of the prohibition against age discrimination in employment should be kept in mind when assessing the sufficiency of the evidence and the allocation of the proof burdens on a summary judgment motion in an age discrimination case.

Because I conclude that plaintiff’s evidence here was sufficient for a prima facie case of age discrimination, I express no view on whether a plaintiff suing under the FEHA can successfully avoid summary judgment without such evidence. (See maj. opn., ante, at p. 357 [also declining to decide this issue].)

Justice Chin’s concurring opinion asserts that “Guz cannot state a prima facie case.” (Cone. opn. of Chin, J., ante, at p. 374.) It finds some significance in Guz’s failure to point to “comments by anyone” at Bechtel suggesting that his age played a role in Bechtel’s employment decisions. (Ibid.) But such evidence of discriminatory intent is unnecessary either to allege or to prove age discrimination based on disparate treatment, plaintiff’s theory in this case. Rather, as the high court in Reeves has said, an employee claiming disparate treatment can rely entirely on circumstantial evidence, which may be probative of intentional discrimination and “quite persuasive.” (Reeves, supra, 530 U.S. at pp. 146-147 [120 S.Ct. at p. 2108].) That, as I have explained, is the case here.